# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| United States of America *ex rel.* ) | |
| DOIAKAH GRAY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 06 C 6058 |
| ) | |
| TERRY MCCANN, Warden, ) | |
| Stateville Correctional Center, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In 1998, an Illinois jury convicted Doiakah Gray of first degree murder. The sentencing judge (not the same judge who presided over the trial) sentenced Gray to an extended term of eighty years' imprisonment. Gray has petitioned the Court for a writ of habeas corpus under 28 U.S.C. § 2254. He alleges that his extended-term prison sentence violates *Apprendi v. New Jersey*, 530 U.S. 466 (2000); his counsel at sentencing was ineffective because he failed to preserve certain issues for appeal by filing a post-sentencing motion; and his appellate counsel was ineffective for failing to amend Gray's appellate brief to include an *Apprendi* claim. For the following reasons, the Court denies the petition.

### Background

Factual findings by the state court are presumed correct in a federal habeas corpus proceeding unless they are rebutted by clear and convincing evidence. *Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2005); 28 U.S.C. § 2254(e)(1). Because Gray does not dispute the

Illinois Appellate Court's factual findings, the Court adopts the following account from the decision of that court in *People v. Gray*, 326 Ill. App. 3d 926, 761 N.E.2d 1237 (2001):

> On December 2, 1994, Don Rietveld and Gary Bilbrey were at a bar in Harvey, Illinois. Rietveld had a cellular phone. The defendant and Troy Montgomery were also at the bar. The defendant wanted Rietveld's cell phone so he told Rietveld and Bilbrey that he could find women for them and the four men left the bar together and drove off in Rietveld's truck. After making a stop at a liquor store, they continued driving until the defendant directed Rietveld to stop the truck at 163rd Street and Honore. The defendant then used Rietveld's cell phone purportedly to call some women. Instead, the defendant jumped out of the truck and ran with the phone. Montgomery also jumped out of the truck and ran approximately one block to his house. Rietveld got out of the truck and chased after the defendant. Montgomery watched from his garage and saw Rietveld confront the defendant and another man, Tommy Smith. Montgomery saw Tommy Smith shoot Rietveld once in the head and he saw Rietveld fall to the ground. Montgomery then watched as the defendant walked over to Rietveld and shot him three times in the head as he lay motionless on the ground. Rietveld was taken to South Suburban Hospital, where he died the following day of multiple gunshot wounds to the head.

*Id.* at 908, 761 N.E. 2d at 1238-39.

The judge who presided over Gray's trial transferred out of the criminal court before sentencing. For this reason, another judge reviewed the trial transcripts and heard argument regarding aggravation and mitigation. The sentencing judge stated that

> although the actions of [Gray's co-defendant] smacked of spontaneity, the actions of this defendant did not. The actions of this defendant were that he planned to commit a crime, he planned to carry out the theft of the telephone and then he made a conscious decision to eliminate [Donald Rietveld] by pumping four rounds into his head as he lay there shot once in the head, alive, on the pavement, incapacitated. This defendant made a conscious decision to execute him, to give him the coup de gras [sic] and put four right into his head. This was not an act of spontaneity.

R. 1146. The judge then considered whether Gray was eligible for an extended-term sentence based on a finding that the murder was accompanied by "exceptionally brutal and heinous

2

behavior indicative of wanton cruelty." 730 ILCS 5/5-5-3.2(b)(2). The judge stated that

> when the [state talks] about factors in aggravation and factors in mitigation, factors in aggravation whether they exist with respect to extended term, they do apply. They do apply here. This is a case where this offense was accompanied by exceptionally brutal and heinous behavior indicative of wanton cruelty. A short phrase that is set forth in the statute, but what does it really say? Was this a cruel act? Absolutely. Was it an evil act? It was evil. Did he do it spontaneously? No, he did not.
>
> He stood there, he said what he was going to do, he took the gun in his hand, he pointed the gun down at the victim and pumped four rounds into the victim's head.
>
> This was a very brutal, heinous act. It couldn't be clearer as a person lay there on the street incapacitated, shot once. Even then, the victim later expires in the hospital. This defendant is eligible for [an] extended term.

R. 1147-48. Accordingly, on December 18, 1998, the judge sentenced Gray to an extended-term eighty-year sentence.

On direct appeal, Gray argued that he had been denied his right to a speedy trial, the prosecutor exercised peremptory challenges in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986), and the sentencing judge abused his discretion in sentencing Gray to an eighty-year term. On December 24, 2001, the appellate court denied Gray's speedy trial and *Batson* challenges on the merits and found that he had forfeited any challenge to his sentence by failing to file a post-sentencing motion in the trial court. *Gray*, 326 Ill. App. 3d at 913, 761 N.E.2d at 1242-43; *see* 730 ILCS 5/5-8-1(c) (defendant must file a written post-sentencing motion in the trial court to preserve sentencing issues for appellate review).

On June 24, 2002, Gray filed a post-conviction petition in state court. Gray argued that his counsel at sentencing was ineffective for failing to file a post-sentencing motion; his sentence violated *Apprendi*; and appellate counsel was ineffective for failing to amend Gray's direct

appeal to include an *Apprendi* argument. The circuit court dismissed Gray's post-conviction petition as lacking in merit. On February 17, 2006, the appellate court affirmed the dismissal of Gray's post-conviction petition, holding that though the sentencing court violated the principles of *Apprendi*, Gray failed to show that the error was prejudicial.

On September 27, 2006, the Illinois Supreme Court denied Gray's petition for leave to appeal. On September 29, 2006, Gray filed a motion for leave to file a supplemental petition for leave to appeal. On July 3, 2007, the court denied Gray's supplemental petition for leave to appeal.

**Discussion**

Under the Antiterrorism and Effective Death Penalty Act of 1996, a district court may grant a writ of habeas corpus if the state court's adjudication of petitioner's claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Before seeking relief in federal court, however, a petitioner must first exhaust his state remedies by presenting his claims fully and fairly to the state courts. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). In addition, if the state court of review found that petitioner forfeited any of his claims, and the forfeiture decision rested "on a state law ground that is independent of the federal question and adequate to support the judgment," a federal court may not issue a writ of habeas corpus unless the petitioner can show cause for the default and resulting prejudice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*,

4

501 U.S. 722, 729 (1991). Because respondent argues that Gray has defaulted all of his claims, the Court will first consider these issues.

1.  **Procedural default**

    a.  *Apprendi* **violation**

Gray contends that his extended-term prison sentence violates *Apprendi* because the determination of whether the murder was accompanied by "exceptionally brutal and heinous behavior indicative of wanton cruelty," 730 ILCS 5/5-5-3.2(b)(2), was not submitted to a jury and proven beyond a reasonable doubt. Respondent argues that Gray forfeited this issue because he did not file a post-sentencing motion as required under Illinois law to preserve a sentencing issue for appeal. 730 ILCS 5/5-8-1(c); *see also People v. Reed*, 177 Ill. 2d 389, 395, 686 N.E.2d 584, 587 (1997).

On direct appeal, Gray argued that he was denied his right to a speedy trial, the prosecutor exercised peremptory challenges in a racially discriminatory manner, and the sentencing judge abused his discretion by imposing an eighty-year sentence because he did not take into account Gray's potential for rehabilitation. The state appellate court rejected the first two claims on the merits and found that Gray forfeited any sentencing issues by failing to file a post-sentencing motion as required by 730 ILCS 5/5-8-1(c). Gray again raised this issue in his state post-conviction petition, which the trial court dismissed without an evidentiary hearing. The appellate court did not apply the procedural bar in 730 ILCS 5/5-8-1(c) but instead found that Gray's extended-term sentence violated *Apprendi*. Because Gray had not made an objection to his sentence at trial, however, the court applied a plain error analysis to determine whether Gray was entitled to be re-sentenced. *See People v. Crespo*, 203 Ill. 2d 335, 347, 788 N.E.2d 1117, 1124

(2001) (plain error analysis applies where defendant has failed to make a timely objection at trial). The court held that the *Apprendi* violation did not constitute plain error.

It is undisputed that Gray did not file a post-sentencing motion as required by Illinois law to preserve sentencing issues for appeal. The appellate court's review of Gray's *Apprendi* claim on the merits "does not cure a procedural default" given the fact that it did so in the context of a plain error analysis. *Thomas v. Gilmore,* 144 F.3d 513, 518 (7th Cir. 1998). *See also Brooks v. Walls*, 279 F.3d 518, 523-24 (7th Cir. 2002) ("it is settled (at least in this circuit) that a plain-error exception to a procedural rule does not compromise that rule's quality as an independent ground of decision."). Under Illinois rules, therefore, Gray procedurally defaulted any challenge to his sentence.[1]

The Court "will not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus absent a showing of cause and prejudice to excuse the default." *Daniels v. Knight*, 476 F.3d 426, 430 (7th Cir. 2007) (citing *Dretke v. Haley*, 541 U.S. 386, 388 (2004)). Gray could also overcome the procedural default by showing "a sufficient probability that [the court's] failure to review his federal claim will result in a fundamental miscarriage of justice." *Edward v. Carpenter*, 529 U.S. 446, 451 (2000). Gray however has not met either of these requirements.

The Supreme Court has interpreted "cause" to mean something external to petitioner that

---

[1] Gray's claim is not saved from procedural default because *Apprendi* had not been decided by the time he was sentenced. The Seventh Circuit has held that "the foundation for *Apprendi* was laid long before 1992." *Valenzuela v. United States*, 261 F.3d 694, 700 n.2 (7th Cir. 2001). *See also Crespo*, 203 Ill. 2d at 347, 788 N.E.2d at 1124 (citing *United States v. Cotton*, 535 U.S. 625, 631 (2002) (applying plain error test even though *Apprendi* had not been decided until after defendant was convicted.).

6

is both beyond his control and that cannot be fairly attributed to him. *Murray v. Carrier,* 477 U.S. 478, 488 (1986). To establish prejudice, Gray must show not merely that the errors created a possibility of prejudice, but "actual prejudice." *Id.* at 494. Gray's only potential for establishing cause for the default is his counsel's purported ineffectiveness by failing to file a post-sentencing motion. As explained below, Gray has forfeited this argument and is therefore precluded from relying on it to show cause. *See Lemons v. O'Sullivan,* 54 F.3d 357, 360 (7th Cir. 1995) ("Before a state prisoner can use ineffective assistance of counsel as cause for a procedural default, he must first present this claim as an independent claim to the state courts either on direct appeal or in post-conviction proceedings."). Even if he could show cause, however, Gray has not established that he was prejudiced. To the contrary, the undisputed facts regarding the murder show that Gray shot an unarmed man in the head at least three times while the man was lying unconscious on the ground. Moreover, as the sentencing judge stated, Gray's action was not spontaneous but was deliberately designed to eliminate the victim as a potential witness. Though it is possible that a jury might not have found that Gray's behavior was exceptionally brutal and heinous behavior indicative of wanton cruelty, it is extraordinarily unlikely. The Court concludes that counsel's failure to preserve the *Apprendi* issue did not prejudice Gray.

Nor would the Court's failure to review Gray's *Apprendi* claim on the merits result in a fundamental miscarriage of justice. The Supreme Court has stated that a fundamental miscarriage of justice entails a showing that the petitioner is "actually innocent of the offense for which he was convicted." *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Gray does not allege that he is actually innocent of the murder for which he was convicted. His habeas challenges go only

7

to the propriety of his extended-term sentence. The Court therefore finds that Gray has failed to establish a basis upon which to excuse the procedural default of his *Apprendi* claim. *See Proctor v. Wright*, No. 06 C 2794, 2007 WL 433099, at *6 (N.D. Ill. Jan. 31, 2007) ("An error that increases the punishment for a non-capital offense, such as a sentencing error, does not constitute a 'fundamental miscarraige of justice.'"); *see also Spreitzer v. Schomig*, 219 F.3d 639, 648 (7th Cir. 2000) (finding no miscarriage of justice in refusing to review sentence when petitioner has not alleged actual innocence). *Cf. Hope v. United States*, 108 F.3d 119, 120 (7th Cir. 1997) ("actual innocence" exception to the requirement of proving cause and prejudice to excuse procedural default does not exist for purposes of deciding whether petitioner may file a successive section 2255 motion that raises sentencing issues.)

### b. Ineffective assistance of counsel

Gray contends that he received ineffective assistance of counsel at both sentencing and on appeal. He argues that counsel was ineffective at sentencing for failing to preserve sentencing issues by filing a post-sentencing motion and on appeal for failing to amend his direct appeal to include an *Apprendi* claim.

A federal court may not address a state prisoner's habeas corpus claims unless the state courts have had the opportunity to review the issues. *O'Sullivan*, 526 U.S. at 845. A petitioner has fairly presented his claims if he has asserted them "through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings." *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). "This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Id.* at 1025-26. A petitioner "who has exhausted his state

8

court remedies without properly asserting his federal claim at each level of state court review has procedurally defaulted that claim." *Id.* at 1026.

Gray has forfeited his claim of ineffective assistance of counsel at sentencing by failing to raise the issue through one complete round of state court review. Though Gray did not bring an ineffective assistance claim on direct appeal, he could not be expected to have done so because he was represented by the same counsel at sentencing and on appeal. Gray did assert such a claim in his post-conviction petition, but he did not advance the argument in an appeal after the trial court dismissed the petition. Gray therefore did not "raise the issue at each and every level in the state court system" and therefore procedurally defaulted the claim. *See Lewis*, 390 F.3d at 1025-26.

Because Gray procedurally defaulted his ineffective assistance of counsel at sentencing claim, the Court may only address it if Gray can show cause and prejudice to excuse the default or that the Court's failure to consider the claim will result in a fundamental miscarriage of justice. *Daniels*, 476 F.3d at 430; *Edwards*, 529 U.S. at 451. Gray has not advanced any cause for his failure to argue the claim in the appellate court. And, for the reasons articulated above, he cannot show prejudice. Moreover, Gray has not shown that the Court's failure to address his claim on the merits will result in a fundamental miscarriage of justice as that term is defined in habeas corpus jurisprudence.

With regard to his claim of ineffective assistance of appellate counsel, Gray raised this issue in his post-conviction petition. Respondent argues that Gray is barred from raising the claim here because he did not assert it on appeal from the denial of his post-conviction petition. The Court disagrees. Gray did argue in his appellate brief that "appellate counsel's failure to

9

raise the *Apprendi* violation was objectively unreasonable because Gray received a sentence that was 20 years over the maximum nonextended sentence and because the extended sentence was based on a factual finding not made by the jury." Resp. Ex. J at 13. Though the appellate court denied Gray's appeal of the dismissal of his post-conviction motion without reaching the ineffective assistance claim, the Court finds that Gray sufficiently advanced this claim to avoid a finding of procedural default.

Respondent also points out that Gray did not advance an ineffective assistance claim in his petition for leave to appeal to the Illinois Supreme Court. Gray did, however, file a *pro se* motion for leave to supplement his petition for leave to appeal, raising the ineffective assistance issue. On July 3, 2007, the Illinois Supreme Court denied Gray's motion for leave to file a supplemental petition for leave to appeal. It is likely that Gray's belated attempt to supplement his petition for leave to appeal after the Illinois Supreme Court had denied the original petition is insufficient to save the claim of ineffective assistance from default. *See Cawley v. DeTella*, 71 F.3d 691, 695 (7th Cir. 1995). But because respondent has not made this argument, the Court will assume for purposes of discussion that Gray sufficiently advanced his ineffective assistance of appellate counsel claims at all levels of Illinois's post-conviction process and therefore will address the claim on the merits.

**2.    Ineffective assistance of appellate counsel**

The state courts did not adjudicate the merits of Gray's ineffective assistance of appellate counsel claim. The Court therefore applies the principles of *Strickland v. Washington*, 466 U.S. 668 (1984), to determine whether Gray received ineffective assistance of appellate counsel. *See Dye v. Frank*, 355 F.3d 1102, 1007 (7th Cir. 2004) (when state court does not address a

petitioner's claims on the merits, federal court reviews the claim *de novo* on habeas corpus review). For a petitioner to establish that his counsel's assistance was so defective as to require reversal of a conviction or a sentence, he must show deficient performance that prejudiced his defense. *Id.* at 687. The prejudice prong of the *Strickland* test requires a showing that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694; *see also Bell v. Cone,* 535 U.S. 685, 697-98 (2002). It is not enough for a petitioner to show that the errors had some conceivable effect on the outcome of the proceeding. *Id.* at 693. A petitioner must specifically explain how the outcome of the proceedings would have been different absent counsel's ineffective assistance. *Berkey v. United States,* 318 F.3d 768, 773 (7th Cir. 2003).

The failure of appellate counsel to raise an issue requires the court to compare the issue not raised in relation to the issues that were raised; if the issue that was not raised is "both obvious and clearly stronger" than the issues raised, appellate counsel's failure to raise the neglected issue is objectively deficient. *Winters v. Miller*, 274 F.3d 1161, 1167 (7th Cir. 2001). To establish prejudice, "there must be a reasonable probability that the issue not raised would have altered the outcome of the appeal had it been raised." *Lee v. Davis*, 328 F.3d 896, 901 (7th Cir. 2003).

Gray's ineffective assistance claim fails due to his inability to show prejudice. There is no reasonable probability that the appellate court would have reversed Gray's extended-term sentence had counsel advanced an *Apprendi* issue. Under Illinois law, an act is heinous when it is "hatefully or shockingly evil, grossly bad, and enormously and flagrantly criminal." *People v. Kaczmarek*, 207 Ill. 2d 288, 303, 798 N.E.2d 713, 723 (2003). An act is brutal when it is

11

"grossly ruthless, devoid of mercy or compassion, cruel, and cold-blooded." *Id.* "Wanton cruelty" means that the defendant consciously sought to inflict pain and suffering on the victim. *Id.*

As discussed above, Gray does not dispute the facts the sentencing judge took into account when imposing an extended-term sentence. The judge noted that Gray

> planned to commit a crime, he planned to carry out the theft of the telephone and then he made a conscious decision to eliminate [Donald Rietveld] by pumping four rounds into his head as he lay there shot once in the head, alive, on the pavement, incapacitated. This defendant made a conscious decision to execute him, to give him the coup de [grace] and put four right into his head. This was not an act of spontaneity.

R. 1146. Gray's decision to shoot Rietveld in the head at close range after he had already been rendered unconscious by Gray's co-defendant was premeditated and unprovoked. These are precisely the types of facts Illinois courts have found to constitute exceptionally brutal and heinous behavior. *See People v. Champs*, 273 Ill. App. 3d 502, 510, 652 N.E.2d 1184, 1191 (1995) (behavior is exceptionally brutal and heinous where a shooting is systematic, unprovoked, continues after the victim has been struck, and lacks any logical reason). Had Gray's attorney raised an *Apprendi* issue on appeal, it is extremely unlikely that the appellate court would have reversed Gray's extended-term sentence. For these reasons, Gray's attorney's failure to raise an *Apprendi* issue on appeal did not cause him prejudice. *See, e.g., United States ex rel. Linton v. Battaglia*, 416 F. Supp. 2d 619, 622 (N.D. Ill. 2006) (*Apprendi* violation does not warrant re-sentencing where there is substantial evidence of brutal and heinous nature of the crime).

**Conclusion**

For the reasons stated above, the Court denies Gray's petition for writ of habeas corpus [docket no. 1]. The Clerk is directed to enter judgment in favor of the respondent.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: October 3, 2007